■ In the Matter of PAUL LASKA and Another, Infants. DOROTHY M. LASKA, Appellant; JOSEPH LASKA, Respondent.— Appeal from a judgment of the Children's Court of Schenectady County which adjudged the children who are the subject of this proceeding to be neglected by their mother and discharged them to the custody of their father, under the supervision of the Probation Department of Schenectady County, with right of visitation by the mother. Upon an appeal from a prior order of like tenor we reversed and remitted the matter to the Children's Court to afford the mother an opportunity upon a further hearing to make explanation, should she choose to do so, of her " taking the children out of the home and the circumstances under which they were kept by her when out of the home." (*Matter of Laska,* 3 A D 2d 638.) We also commented on other questions involving the mother's fitness to have the custody of the children. The mother elected to testify at a further hearing as we had suggested she might do. Far from clarifying the situation which the record previously before us had indicated, her testimony continued to be evasive and unsatisfactory. Her counsel's obstructive tactics and often groundless objections further impeded the search for truth.

Finally, the rehearing resulted in the production of testimony, not previously adduced, that she not only involved the children in the questionable relationship to which we had alluded (*Matter of Laska, supra*) but schooled them in acts of deception to aid concealment of this unwholesome situation. Upon this record we are constrained to approve the determination of the Children's Court. It is to be hoped that the mental or emotional factors to which that court partially attributed the mother's neglect and consequent unfitness may cease to exist. The continuing jurisdiction of the Children's Court will, of course, permit a modification of the present judgment upon a proper showing. Should an application therefor be made at some future time, the Children's Court might well consider whether the interests of the children require their representation by a special guardian, should there be no change in the unfortunate and unusual circumstances now present in this controversy. In the past, conflicts of interest and the injection of completely extraneous contentions have to some extent beclouded the real issue of the children's welfare. Judgment affirmed, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.